### *In re* LEXINGTON AVE.

### *In re* SCHREYER.

*(Supreme Court, General Term, First Department.* October 16, 1891.)

EMINENT DOMAIN—PROCEDURE—APPEAL.

   An order denying a motion by a land owner for leave to file objections to the report of commissioners awarding damages for land taken for a s*t*reet, made seven months after the time for filing objections had expired, will not be disturbed on appeal, where the ground of denial does not appear, but it appears that the land-owner had the advice of counsel, and knew of the proceedings in time to have appeared before the commissioners.

Appeal from special term, New York county.

Motion by John Schreyer for leave to file objections to the preliminary report of commissioners of estimate and assessment, awarding damages for land taken for a street. Denied. Schreyer appealed. Affirmed.

Argued before VAN BRUNT, P. J., and DANIELS and INGRAHAM, JJ.

*James A. Deering,* for appellant. *Carroll Berry,* for respondent.

INGRAHAM, J. On February 14, 1888, the commissioners of estimate and assessment gave the notice required by the statute regulating these proceedings, requiring all persons interested in the proceedings or any of the lands affected thereby, or who may be opposed to the same, to present their objections in writing on or before the 29th day of March, 1888. No objections were filed by the appellant, John Schreyer, within the time allowed by law and the notice. Subsequently, on the 15th of November, 1888, the appellant obtained an order requiring the petitioners to show cause on the 20th of November, 1888, why he should not have leave to submit to the commissioners any affidavits and objections. That motion was denied. In the order entered it is not stated that the motion was denied on the ground that the court had no power to grant it; the order is general, simply denying the motion. An examination of the record will show that the court might well have denied the motion on the ground of laches, and that the motion was not made in good faith or for the protection of the appellant. The appellant does not state when he first knew of the proceedings, but it is evident that he did know. of them in ample time to have appeared before the commissioners, and to have filed any objections to their report. He did employ counsel to represent him, and did nothing else, and, when he consulted with his counsel, his counsel advised him not to do anything, and he followed that advice. It is evident, therefore, that not only did the appellant have full knowledge of the proceedings, but he also had knowledge of the fact that he had been awarded but one dollar for his property in ample time to have protected himself, and that he adopted the course that he did under the advice of his counsel. Assuming, therefore, that the court had power to grant the application, we think it was justified in denying it on the ground before stated. Order appealed from affirmed, with $10 costs and disbursements. As the order is affirmed on the merits, it is not necessary to consider the motion to dismiss the appeal. That motion will therefore be denied, without costs. All concur.